# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8168 | **DATE** | 11-13-2012 |
| **CASE TITLE** | Cliff Bailey, Jr. (#N-82435) v. Stateville Correctional Center | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Vandalia Correctional Center officials to deduct $20.27 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at Vandalia Correctional Center. The complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and a service copy for each named Defendant). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint in accordance with this order will result in summary dismissal of this case.

■ [ For further details see text below.]   *Suzanne B. Conlon*   Docketing to mail notices.

## STATEMENT

Plaintiff, Cliff Bailey, Jr., presently in state custody at Vandalia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Naming only Stateville Correctional Center as Defendant, Plaintiff alleges only that from August 9, 2012, to August 14, 2012, he was housed in a gymnasium with eighty-nine other inmates with no showers, hot water, air conditioning or beds, forcing him to sleep on the floor with no blankets or sheets, and that there were beetles and ants crawling on the floor. He also alleges that there was only one toilet and two urinals. He alleges that on August 14, 2012, he was moved to a different wing, again without a bunk. He further pleads that he got assigned to a cell with a bunk on August 17, 2012. (Compl. at 4.)

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $20.27. The supervisor of inmate trust accounts at Vandalia Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Vandalia Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Although he may proceed IFP, Plaintiff's complaint cannot proceed and must be dismissed. First, A suit against a correctional center within the Illinois Department of Corrections and/or the Department itself is a suit against the State of Illinois. Unless a state has consented to be sued, it is immune from suit in federal court under the Eleventh Amendment to the United States Constitution. *See Pennhurst v. Haldeman*, 465 U.S. 89, 100-101 (1984). The State of Illinois has not consented to be sued, and the immunity has been directly applied to the Illinois Department of Corrections. *Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984), *see also Walker v.*

| STATEMENT |
|---|

*Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Even in cases brought under 42 U.S.C. 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). While there is an exception in suits seeking prospective injunctive relief against state officials in their official capacities, (*see Ex Parte Young*, 209 U.S. 123 (1908)), Plaintiff can not properly seek such relief in this case, as he has been transferred to a different facility, rendering any such claim moot. *Green v. Mansour*, 474 U.S. 64, 71 (1985). Plaintiff is no longer in the custody or control of and Defendant at Stateville, therefore any request for injunctive relief would be moot. As a suit against Stateville Correctional Center, N.R.C. is a suit against the State of Illinois, the immunity applies, and Stateville Correctional Center is not a proper defendant.

    Lastly, Plaintiff's allegations do not state a claim upon which this Court can grant relief. To state a § 1983 claim about adverse jail conditions, Plaintiff must allege facts that, if true, would establish both: (1) that the conditions were "sufficiently serious" such that they denied him of the "minimal civilized measure of life's necessities," and (2) if the conditions were sufficiently serious, that the Defendant acted with deliberate indifference to those conditions, i.e., that he or she actually knew of the conditions but refused to take reasonable steps to resolve them. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citation omitted). The conditions Plaintiff describes, particularly considering the short period of time of only eight days, do not to rise to the level of unconstitutional. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (sleeping on the floor without a mattress for one night did not give rise to a Fourteenth Amendment violation); *Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D. Ill. 1993) (the Constitution is indifferent as to whether the mattress is on the floor or on the bed); *see also Ellis v. Hardy*, No. 08 C 8174, 2012 WL 5305530 at *1 (N.D. Ill. Oct. 25, 2012) (Gottschall, J.) (collecting cases where temporary adverse sleeping arrangements did not amount to a constitutional violation).

    Claims of adverse conditions for as short a period of time as Plaintiff's have been allowed to proceed only when the conditions were extreme. *See Vinning–El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The conditions Plaintiff alleges do not rise to such a level. Nonetheless, the Court will afford Plaintiff an opportunity to submit an amended complaint on the off-chance that there were additional adverse conditions not yet alleged that would indicate that his living arrangement was sufficiently serious that it amounted to a constitutional violation.

    For the reasons stated above, the complaint is dismissed. The dismissal is without prejudice to Plaintiff submitting an amended complaint that not only names a suable party, such as the officials who supervised Division 3 when Plaintiff was there or the officers to whom he complained, but also asserts allegations sufficient to state a claim of an unconstitutional condition of confinement. Plaintiff is given 30 days from the date of this order to submit an amended complaint. His failure to do so may be construed as his desire not to proceed and will result in summary dismissal of this case.

*Suzanne B. Conlon*